IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gene Smith,<br><br>　　　　Plaintiff,<br>　　v.<br><br>Major Steven Anderson, Dr. Steve Outz,<br><br>　　　　Defendant. | Case No. 5:24-cv-00584-RMG<br><br><br>**ORDER AND OPINION** |

　　　Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending granting the motion to dismiss from Dr. Charles Outz, M.D. ("Defendant"), incorrectly identified as Dr. Steven Outz. (Dkt. No. 38). Plaintiff did not file objections to the report. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants Defendant's motion to dismiss at to Dr. Outz. (Dkt. No. 28).

　　**I.　Background**

　　Plaintiff Gene Smith alleges that he was a victim of medical malpractice and violations of his civil rights. (Dkt. No. 14). Plaintiff claims that the Defendant canceled Plaintiff's cancer surgery and has failed to provide proper medical attention despite Defendant's knowledge of Plaintiff's cancer diagnosis. (*Id*. at 4-9.)

　　Defendant moves to dismiss Plaintiff's claims, arguing that Defendant's complaint has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiff's 1983 complaint is insufficient because medical malpractice cannot establish deliberate indifference as required under 42 U.S.C. § 1983. (Dkt. No. 28). Defendant also alleges that the complaint failed to comply with Section 15-79-125 of the South Carolina Code which

1

requires Plaintiff to file a Notice of Intent to File Suit, file an affidavit of an expert witness, respond to standard interrogatories, and participate in pre-suit mediation. (*Id.*)

## II. Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint

and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980).  However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.    Discussion**

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that Plaintiff has failed to timely respond to Defendant's motion to dismiss. (Dkt. No. 38, at 1-2). Because Plaintiff is proceeding pro se, the court advised him, in a Roseboro Order, of the importance of motions to dismiss and that if he failed to respond, Defendant's motion would be granted. (*Id*.) The Magistrate Judge also notified Plaintiff that he had 31 days from the date of the Roseboro Order to file a response. (Dkt. No. 30).  Plaintiff failed to respond to the motion by June 28, 2024, the required deadline, and on July 9, 2024, the court directed Plaintiff to advise the court whether he wished to continue the case by filing a response by a new deadline: August 8, 2024. (Dkt. No. 38, at 1-2). Approximately three months after Defendant filed the Motion to Dismiss, the Magistrate Judge determined that the Plaintiff does not oppose Defendant's motion. (*Id*. at 2.)

3

Finding no clear error on the face of the record, this Court accepts the Magistrate Judge's recommendation to grant Defendant's motion to dismiss. (Dkt. No. 28). Plaintiff failed to respond to Defendant's motion entirely. Dr. Outz is dismissed from this case.

### IV.     Conclusion

In light of the foregoing, Defendant's motion to dismiss is **GRANTED**. (Dkt. No. 28).

**AND IT IS SO ORDERED.**

    _s/ Richard M. Gergel_
Richard Mark Gergel
United States District Judge

September 5, 2024
Charleston, South Carolina