IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gene Smith, ) | C/A No.: 5:24-584-RMG-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Major Steven Anderson, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Gene Smith ("Plaintiff"), proceeding pro se, is a pre-trial detainee incarcerated in the Cherokee County Detention Center. He filed this action alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. Though not initially named as a Defendant, on March 11, 2024, Plaintiff filed an Amended Complaint naming Steven Anderson as a Defendant. ECF No. 14. On August 20, 2024, Defendant Anderson filed a Motion for Summary Judgment. ECF No. 41.

Because Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of such motions and of the need for him to file an adequate response. ECF No. 42. Plaintiff was specifically advised that if he failed to respond adequately, Defendant's Motion may be granted, thereby ending this case against Defendant Anderson, who is the only remaining Defendant in this case. *See id.* However, notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff failed to respond to the Motion for Summary Judgment. The deadline to respond was September 23, 2024.

On October 11, 2024, the court issued an order directing Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motion filed by Defendant Anderson by November 11, 2024. ECF No. 78. However, Plaintiff has failed to file a response to

the Motion. Defendant's Motion has now been pending for nearly 3 months with no response. The last filing this court received from Plaintiff was on or about March 11, 2024. *See* ECF Nos. 14; 16.

As such, it appears to the court that Plaintiff does not oppose Defendant's Motion and wishes to abandon his action against Defendant Anderson. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice against Defendant Anderson for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). As this is the only remaining Defendant in this case, if the court agrees with this recommendation, this will result in Plaintiff's case being terminated in its entirety.

**IT IS SO RECOMMENDED.**

November 18, 2024  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).