# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gene Smith,<br><br>        Plaintiff,<br>  v.<br><br>Major Steve Anderson,<br><br>        Defendant. | Case No. 5:24-584-RMG<br><br>**ORDER** |

       This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending the Court dismiss the case for failure to prosecute. (Dkt. No. 54). The Defendant filed a motion for summary judgment. Because the Plaintiff was acting pro se, the Magistrate Judge informed him that if he failed to respond to the motion, summary judgment would be granted and his case would be dismissed. Plaintiff filed no response. The Magistrate Judge then issued the R & R recommending the dismissal of this action for failure to prosecute. Plaintiff was advised that he had 14 days to file any objections to the R & R and the failure to file objections would result in only clear error review by the district court and a waiver of the right to appeal the district court's decision. (Dkt. No. 54 at 3). Plaintiff filed no objections to the R & R. For reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendant's motion for summary judgment.

**I.    Standard**

       The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

The Court finds that the Magistrate Judge ably set forth the factual and legal issues in this matter and correctly concluded that the case should be dismissed for a failure to prosecute.

## III. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R as the Order of the Court (Dkt. No. 54) and **DISMISSES** Plaintiff's Complaint with prejudice.

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 6, 2024
Charleston, South Carolina